IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| SHAWN ROBINSON, #B33802, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No. 05-2251 |
| | ) | |
| WARDEN CHAMBERS, | ) | |
| OFFICER D. ATWOOD, | ) | |
| OFFICER CUNNINGHAM, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF APPLICABLE
LAW AND ARGUMENT IN SUPPORT OF
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

NOW COMES the Defendant, CHRIS CUNNINGHAM, by and through his attorney, Lisa Madigan, Attorney General for the State of Illinois, and in support of his motion for summary judgment, hereby submits the following memorandum of applicable law and argument.

**I.   INTRODUCTION**

Plaintiff is an inmate, currently incarcerated at Big Muddy River Correctional Center, who brought his complaint pursuant to 42 U.S.C. §1983, alleging the defendant violated his rights under the First and Eighth Amendments, when he used unconstitutional force against Plaintiff in retaliation for Plaintiff accusing another officer of using racial slurs. Specifically, Plaintiff alleges the defendant forcefully pushed him against a glass wall, causing him to injure his hand and elbow.

Defendant denies any retaliatory motive and asserts the undisputed material facts establish that any force employed was de minimus and was for a legitimate penological purpose. Moreover, the undisputed facts will establish that Plaintiff has no basis for his allegations that the actions of defendant Cunningham were in retaliation for reporting another officer. Defendant Cunningham is entitled to summary judgment on the entire claim.

## LAW ON SUMMARY JUDGMENT

### I.     STANDARD FOR SUMMARY JUDGMENT

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In determining whether factual issues exist, the court must view all the evidence in the light most favorable to the non-moving party. Beraha v. Baxter Health Corp., 956 F.2d 1436, 1440 (7th Cir. 1992).

Federal Rule of Civil Procedure 56(c) "mandates that interpretation of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex at 322. The mere existence of some factual dispute will not frustrate an otherwise proper summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). "[T]he preliminary question for the judge [is] not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party producing it

upon whom the onus of proof is imposed." Id. at 251 *citing*, Improvement Co. v. Munson, 14 Wall. 442, 448 (1872). Where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue to try. Mechnig v. Sears, Roebuck & Co., 864 F.2d 1359, 1365-67 (7th Cir. 1988).

### Argument on Applicability of Summary Judgment

On these facts, Plaintiff cannot show that Defendant Cunningham was aware of his allegedly protected speech, which would be required for Plaintiff to prevail on his claim that Defendant Cunningham's allegedly unconstitutional force was used in retaliation for that speech. Moreover, Plaintiff cannot show that the force used was anything other than de minimus or was used for an improper purpose. Because Plaintiff cannot meet the legal elements of his claim, he cannot prevail and Defendant Cunningham is entitled to summary judgment in his favor.

### II.    LAW ON FIRST AMENDMENT RETALIATION

An act taken in retaliation for the exercise of a constitutionally protected right violates the Constitution. DeWalt v. Carter, 224 F.3d 607, 618 (7th Cir. 1999), citing Mt. Healthy City School District Board of Education v. Doyle, 429 U.S. 274, 283-4, 97 S.Ct. 568 (1977). Inmates have a right protected by the First Amendment to raise matters of public interest or concern, including complaints about prison procedures or policies. Brookins v. Kolb, 990 F.2d 308, 313 (7th Cir. 1993). That protection does not extend to communication regarding personal matters. Id. The requirement that the speech be of a matter of public concern has not been abandoned simply because the person making the speech is an inmate. Sasnett v. Litscher, 197 F.3d 290, 292 (7th Cir. 1999). Just because speech

relates to prisons, does not automatically made it a matter of public concern. Spiegla v. Hull, 731 F.3d 928, 936 (7th Cir. 2004).

Plaintiff alleges in his complaint that on June 8, 2005, Correctional Officer Atwood called Plaintiff and an inmate co-worker "stupid ass niggers." (Complaint, p. 4). Plaintiff complained to the shift commander and, subsequently, Internal Affairs about the incident (Complaint, p. 4). Plaintiff alleges that this complaint was protected speech, and that when Defendant Cunningham used force against him on July 10, 2005, it was in retaliation for his protected speech. Assuming for purposes of his motion only that the verbal complaint about a single incident of an officer using a racial epithet was protected speech, Plaintiff still cannot prevail on his claim.

In order for Plaintiff's complaint about Correctional Officer Atwood to be a motivation for Defendant Cunningham's alleged retaliation against Plaintiff, Defendant Cunningham would have to have known about the complaint. Plaintiff believes that Defendant Cunningham and "everybody" was after him because he reported C/O Atwood (Fact 18) and because he believes Defendant Cunningham retaliated because he is a friend of Correctional Officer Atwood (Fact 20). However, Plaintiff admits that Defendant Cunningham was not present when he made the accusations against Officer Atwood (Fact 19) and admits he really does not know if Defendant Cunningham knew he had reported Correctional Officer Atwood (Fact 21). Plaintiff has no factual basis for his belief that Defendant Cunningham's actions on July 10, 2005, nearly one month after the alleged incident between Plaintiff and Correctional Officer Atwood, were in any way motivated by Plaintiff's protected speech.

Additionally, Defendant Cunningham had a legitimate penalogical reason to search Plaintiff on July 10, 2005. Plaintiff admits he had previously brought non work-related items to his work assignment (Fact 22), the very type of things sought by Defendant Cunningham in his search (Fact 2).

This legitimate reason for the search of July 10, 2005, combined with Plaintiff's inability to prove Defendant Cunningham had any knowledge of Plaintiff's protected conduct, entitles Defendant Cunningham to summary judgment on the First Amendment retaliation claim.

### III.     LAW ON EIGHTH AMENDMENT USE OF FORCE

The Eighth Amendment to the Constitution prohibits the "unnecessary and wanton infliction of pain" on prisoners. DeWalt v. Carter, 224 F.3d 607, 619 (7th Cir. 2000) citing Hudson v. McMillian, 503 U.S. 1, 5 (1992); Estelle v. Gamble, 429 U.S. 97, 102-103 (1976). However, not all force used by correctional officials on an inmate constitutes an unconstitutional use of force. The inquiry in a prison force case is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson at 6-7. Moreover, while significant injury is not required, an Eighth Amendment claim cannot ordinarily be predicated on a de minimus use of physical force, provided that the use of force is not a sort "repugnant to the conscience of mankind." Hudson at 9-10.

#### Argument on Use of Force

Plaintiff alleges that on July 11, 2005, Defendant Cunningham ordered Plaintiff to get against the glass wall so he could be searched for possible contraband, but before

Plaintiff could comply with the order, Defendant Cunningham "shoved plaintiff hard" against the wall, causing him to injure his "left wrist and forearm." (Complaint, p. 4).

Plaintiff admits he had previously brought non work-related items to his job assignment (fact 22), and that he was ordered to be searched for non work-related items by Defendant Cunningham (facts 2 and 3). He also admits that when ordered to stand against the glass (Fact 4), he merely raised his arms and did not comply with the order (Fact 5). Plaintiff admits he was standing only one and one-half feet away from the glass wall at the time he was "pushed" (Fact 10), and that the injury occurred when he tried to catch himself to keep his balance against the glass (Fact 7). Contrary to his allegations in his complaint that his left wrist and forearm were hurt, during his deposition, he alleged he bruised his right elbow and dislocated his left little finger (Fact 14). Plaintiff also does not know how many hands Defendant Cunningham used to execute this "hard shove." (Fact 9). In fact, Defendant Cunningham only placed one hand on Plaintiff's shoulder, patted him down and never pushed him into the glass at all (Fact 8). Plaintiff admits he never complained to Defendant Cunningham that he was injured (Facts 11 and 12). Additionally, Plaintiff alleges he asked Correctional Officer Thompson, the Control Officer to call the Health Care Unit for him (Fact 23); however, the Health Care Unit personnel would not let him be seen that night (Fact 24). Plaintiff has no explanation for why he alleges he did not put in a sick call request until two days after the incident (Facts 13 and 25). He also admits when he filled out the alleged sick call slip, he did not tell the Health Care Unit personnel the nature of his injury, just that he "wanted to see the nurse about [his] hand." (Facts 17 and 26).

Although Defendant Cunningham denies Plaintiff was non-compliant with the order or that he needed to use any force to effectuate the search, for purposes of summary judgment, the facts need to be taken in the light most favorable to the Plaintiff. See Beraha, supra. Therefore, assuming, arguendo, that the incident occurred as Plaintiff alleges, there is nothing about the incident described by Plaintiff, the injury itself, nor Plaintiff's admitted vagueness about the injury when seeking health care, that could lead any reasonable trier of fact to conclude that this one-handed "shove" was anything more than a de minimus use of force for the purpose of causing Plaintiff to comply with a lawful order. The alleged harm to Plaintiff was not caused by the forcefulness of Defendant Cunningham's actions, rather they were caused by Plaintiff's attempt to keep his balance as he moved the 1½ feet necessary to lean against the glass.

Such a use of force does not trigger Eighth Amendment protections, and Defendant Cunningham is entitled to summary judgment in his favor.

**IV.   LAW ON QUALIFIED IMMUNITY**

The Supreme Court in Harlow v. Fitzgerald held that "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." 457 U.S. 800 (1982).

In defining the right, the Court stated that "the contours of the right must be sufficiently clear that a reasonable official would understand that what he was doing violates the right. . . it is to say that in the light of the preexisting law the unlawfulness must be apparent." Anderson v. Creighton, 483 U.S. 635, 640 (1987).

While the "Plaintiff bears the burden of establishing the existence of the allegedly clearly established constitutional right," (Rakovich v. Wade, 850 F.2d 1180, 1209 (7th Cir. 1988)) it is not enough to simply invoke a particular right in its most general terms.  If this were the case, "any action that violates that clause (no matter how unclear it may be that the particular action is a violation) violates a clearly established right." Anderson, 483 U.S. at 639.  This would bear "no relationship to the 'objective legal reasonableness' that is the touchstone of Harlow."  Id.

### Argument on Qualified Immunity:

The law is clear that correctional officers can use force in a good faith effort to maintain order or discipline.  See Hudson, supra.  Under the facts of this case, Defendant Cunningham would not know that his alleged actions, using one hand to push an inmate into position for a pat-down search, would violate the Constitution.  Defendant Cunningham, therefore, is entitled to qualified immunity.

    Respectfully submitted,

    CHRIS CUNNINGHAM,

      Defendant,

    LISA MADIGAN, Attorney General,
    State of Illinois

By:  s/ Kelly R. Choate
    Kelly R. Choate, #6269533
    Assistant Attorney General
    Attorney for Defendant
    500 South Second Street
    Springfield, Illinois 62706
    Telephone: (217) 782-9026
    Facsimile: (217) 524-5091
    E-Mail: kchoate@atg.state.il.us

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| SHAWN ROBINSON, #B33802, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No. 05-2251 |
| | ) | |
| WARDEN CHAMBERS, | ) | |
| OFFICER D. ATWOOD, | ) | |
| OFFICER CUNNINGHAM, | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on July 13, 2007, I electronically filed Memorandum of Applicable Law and Argument in Support of Defendant's Motion for Summary Judgment with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to the following:

None

and I hereby certify that on July 13, 2007, I mailed by United States Postal Service, the document(s) to the following non-registered participant(s):

Shawn Robinson, #B33802
Big Muddy Correctional Center
251 North Illinois Highway 37
Post Office Box 900
Ina, Illinois  62846-1000

Respectfully Submitted,
 s/ Kelly R. Choate
Kelly R. Choate, #6269533
Assistant Attorney General
Attorney for Defendant
500 South Second Street
Springfield, Illinois  62706
Telephone:  (217) 782-9026
Facsimile:   (217) 524-5091
E-Mail:  kchoate@atg.state.il.us