IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

SHAWN ROBINSON,
    PLAINTIFF,
-VS-
WARDEN CHAMBERS,
OFFICER D. ATWOOD,
OFFICER CUNNINGHAM,
    DEFENDANTS.

NO. 05-2251

FILED
AUG -6 2007
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

PLAINTIFF'S STATEMENT OF DISPUTED FACTS

THE DEFENDANT HAS MOVED FOR SUMMARY JUDGMENT ON THE PLAINTIFF'S CLAIM CONCERNING THE VIOLATION OF PLAINTIFF RIGHTS TO BE FREE FROM UNNECESSARY AND WANTON INFLICTION OF PAIN AND THE RETALIATION FOR ANOTHER OFFICER. PURSUANT TO THE RULES OF THIS COURT, THE PLAINTIFF SUBMITS THE FOLLOWING LIST OF GENUINE ISSUES OF MATERIAL FACTS THAT REQUIRE THE DENIAL OF THE DEFENDANT MOTION FOR SUMMARY JUDGMENT.

. DEFENDANT ALLEGES HE ONLY PLACED ONE HAND ON PLAINTIFF SHOULDER AND THEN PATTED ME DOWN, BUT ACORDING TO DEFENDANT CUNNINGHAM INCIDENT REPORT AND STATEMENT TO SERGEANT THOMPSON AND LIEUTENANT CUNNINGHAM WHO ADVISED LIEUTENANT BROWN WHO ORDER DEFENDANT TO THE WARDEN'S OFFICE WERE HE GAVE A DIFFERENT STATEMENT TO THE ONE OF HIS AFFIDAVIT.

. DEFENDANT ALLEGES HE USED ONLY TWO FINGERS ON THE PLAINTIFF SHOULDER BEFORE SHAKING HIM DOWN, OFFICER HUNT TELL'S A DIFFERENT INCIDENT THAT OCCURRED THEN THE DEFENDANT INSIDE HIS INCIDENT REPORT AND STATEMENT TO SERGEANT THOMPSON WERE HE ADMIT THAT DEFENDANT HAD HIS HAND ON PLAINTIFF BACK AND STATED FOR THE PLAINTIFF TO PLACE HIS HANDS OUT, JUST AS THE

1.

PLAINTIFF TOLD SERGEANT THOMPSON ON 7/10/05 WHEN THE INCIDENT HAPPEN, THAT DEFENDANT CUNNINGHAM PUSHED ME HARD UP AGAINST THE GLASS OF THE HUB.

• PLAINTIFF TRYED TO KEEP HIS BALANCE WHEN DEFENDANT CUNNINGHAM SHOVE PLAINTIFF IN THE BACK WITH FORCE CAUSING PLAINTIFF TO FALL FORWARD AS HE WAS IN THE PROPER POSITION FOR THE SHAKE DOWN AND NOT WITH PLAINTIFF HANDS ON THE GLASS, NOR DID DEFENDANT GIVE PLAINTIFF ANY TIME TO COMPLY WITH HIS SECOND ORDER.

• DEFENDANT ADMITS IN HIS INCIDENT REPORT THAT PLAINTIFF COMPLIED WITH HIS ORDER, EVEN WHEN PLAINTIFF TOLD THE DEFENDANT TO STOP PUSHING HIM, DEFENDANT CUNNINGHAM ADMITS THIS WHEN HE WROTE HIS INCIDENT REPORT AS HE WAS SHAKING DOWN THE PLAINTIFF WERE AT THAT TIME PLAINTIFF DEMANDED A LIEUTENANT.

• DEFENDANT ALSO ADMITS THAT OFFICER THOMPSON AND OFFICER HUNT WITNESSED THIS SHAKE DOWN C/O THOMPSON AND C/O HUNT BOTH WROTE DC 434 INCIDENT REPORT'S BUT THEY GIVE A DIFFERENT STATEMENT IN THERE INCIDENT REPORT'S TO SERGEANT THOMPSON ON 7/10/05 THAT DEFENDANT PLACE TWO (2) FINGERS ON THE PLAINTIFF BACK NOT HIS SHOULDER, CONTRARY TO THEIR ALLEGATIONS TO LIEUTENANT BROWN'S INCIDENT REPORT WHEN ASKED OFFICER THOMPSON AN OFFICER HUNT STATED THEY DID NOT SEE ANY PUSH BY THE DEFENDANT ADDITIONALLY, THESE OFFICER'S CLAIMING TO HAVE WITNESS THE WHOLE INCIDENT BUT THEY COULD NOT REMEMBER THAT THE DEFENDANT WROTE IN HIS INCIDENT REPORT THAT PLAINTIFF TURNED AND TOLD DEFENDANT TO STOP PUSHING HIM, WHICH CAUSED PLAINTIFF TO MOVE FORWARD IN A ATTEMPT TO KEEP HIS BALANCE AS THE DEFENDANT FORCEFULLY CAUSING PLAINTIFF TO LEAN INTO THE GLASS AND NOT AGAINST IT, LIEUTENANT BROWN WAS NOTIFIED AFTER THE REPORT WAS WORTE.

• DEFENDANT ALSO ADMITS THAT THE PLAINTIFF DID COMPLY WITH HIS ORDER AS THE PLAINTIFF RAISED HIS ARMS AND SPREAD HIS LEGS WHICH IS THE PROPER POSITION AN FORMATION FOR A SHAKE DOWN, AS THE DEFENDANT STATED THAT THEIR WAS NO INCIDENT, THEIR

THE DEFENDANT DID NOT HAVE TO USE UNNECESSARY FORCE TO SHAKE THE PLAINTIFF DOWN, WHETHER FORCE WAS APPLIED IN GOOD-FAITH EFFORT OR NOT, THERE WAS NO REASON TO MAINTAIN OR RESTORE ANY DISCIPLINE SINCE THE PLAINTIFF DID NOT HAVE ANY NON WORK-RELATED ITEMS ON HIM THERE WAS NO NEED FOR UNNECESSARY AND WANTON INFLICTION OF PAIN TO THE PLAINTIFF.

. DEFENDANT WROTE PLAINTIFF A DISCIPLINARY ACTION ON 7/10/05 FOR INSOLENCE, WERE HE WAS VERBAL REPRIMAND, AS DEFENDANT ONLY WROTE THE DISCIPLINARY AFTER PLAINTIFF INFORMED SERGEANT THOMPSON OF THE INCIDENT WHEN HE ENTERED THE CELL HOUSE AS PLAINTIFF WAS ESCORTED BACK TO THE CELL HOUSE WITH SERGEANT THOMPSON THE DEFENDANT ASKED PLAINTIFF FOR HIS I.D CARD BECAUSE PLAINTIFF BROUGHT A SERGEANT WITH HIM. WHO STARTED ASKING THEM WHAT HAPPEN, DEFENDANT MAKE NO MENTION OF THE ALLEGEDLY DISCIPLINARY ACTION IN HIS INCIDENT REPORT ON 7/10/05. NOR TO THE SERGEANT OR LIEUTENANT WHEN QUESTION IN THE WARDEN'S OFFICE.

. DEFENDANT ADMITS IN HIS AFFIDAVIT AND DISCIPLINARY REPORT TICKET, THAT IS ATTACHED, THAT THE PLAINTIFF GAVE DEFENDANT THE PERMISSION TO SHAKE HIM DOWN, AS DEFENDANT ALSO ADMITS THE ONLY THING PLAINTIFF SAID WAS THAT YOU CAN SHAKE ME DOWN IF YOU WANT TO, AND THE DEFENDANT WROTE PLAINTIFF A INSOLENCE TICKET WHEN THERE WAS KNOW INSOLENCE CONDUCT, BUT WROTE IT BECAUSE PLAINTIFF COMPLAIN ABOUT HIS MISCONDUCT OF PUSHING HIM INTO THE GLASS WALL TO THE SERGEANT AND FOR PASS REASON OF A CO-WORKER AN FRIEND.

. DEFENDANT STATES HIS NON ALLEGEDLY RETALIATION AGAINST INMATES AND PLAINTIFF, AS IT IS A FACT THAT THE DEFENDANT ONLY STARTED SHAKING DOWN PLAINTIFF AFTER OFFICER ATWOOD WAS REPORTED FOR HIS MISCONDUCT AGAINST THE PLAINTIFF, AS THE DEFENDANT AND OFFICER ATWOOD COULD BE SEEN TOGETHER ALL THE TIME WHEN PLAINTIFF GO TO HIS JOB ASSIGNMENT IN THE BUILDING OFFICER ATWOOD WOULD BE IN THE CONTROL BUBBLE WITH DEFENDANT OR ON THE WING TOGETHER WHILE PLAINTIFF IN THE PERFORMANCE OF HIS ASSIGNMENT, AS THE DEFENDANT NEVER DENIED HE WAS AWEAR OF THE REPORT ON OFFICER ATWOOD MISCONDUCT AGAINST

THE PLAINTIFF,

. PLAINTIFF ADMITS THAT DEFENDANT WAS NOT THERE WHEN PLAINTIFF REPORTED OFFICER ATWOOD, JUST AS OFFICER ATWOOD WAS NOT THERE WHEN THE DEFENDANT WAS REPORTED, AND HAD TO REPORT TO THE WARDEN'S OFFICE. IT IS A FACT THAT OTHER OFFICER'S ON THAT SHIFT KNOW WHEN SOMETHING HAPPEN, THEY TALK JUST LIKE FRIENDS DO WHEN SOMETHING HAPPEN TO A CO-WORKER. IT IS ALSO HARD FOR THE DEFENDANT NOT TO KNOW WHEN OFFICER ATWOOD IS USING HARSHLY ABUSIVE LANGUAGE TO THE PLAINTIFF IN THE DEFENDANT PRESENCE ABOUT REPORTING HIM TO HIS SUPERVISOR.

. PLAINTIFF ADMITS HE DID NOT PUT IN TO THE HEALTH CARE UNIT UNTIL TWO DAYS AFTER THE INCIDENT BECAUSE HE DID NOT KNOW HIS FINGER WAS DISLOCATED FROM THE ASSAULT BY THE DEFENDANT, AS PLAINTIFF ASKED OFFICER THOMPSON WHO WAS IN THE CONTROL TO CALL THE HEALTH CARE UNIT THAT NIGHT OF 7/10/05 BUT WAS DENIED BY THE HEALTH CARE PERSONNEL, IF PLAINTIFF HAD BEEN SEEN THAT NIGHT IT WOULD HAVE BEEN EVIDENT THAT THE DEFENDANT DISLOCATED PLAINTIFF FINGER WHEN HE ASSAULTED HIM. ADDITIONALLY, IF DEFENDANT HAD A LEGITIMATE PENALOGICAL REASON TO SEARCH THE PLAINTIFF ON JULY 10, 2005. WHY WOULD DEFENDANT ASK PLAINTIFF DO HE HAVE ANY NON WORK-RELATED ITEMS ON HIM. DEFENDANT ASK BECAUSE PLAINTIFF BROUGHT A READING BOOK ONCE FOR HIMSELF,.

. DEFENDANT HAD ONLY ONE LEGITIMATE REASON TO SEARCH PLAINTIFF BECAUSE HE WAS OBSTINACY ABOUT HIS CO-WORKER AND FRIEND OFFICER ATWOOD. ADDITIONALLY, THE DEFENDANT OR ANY OFFICER IN HOUSING UNIT FOUR (4) WAS NOT ALLOWED TO SHAKE DOWN PLAINTIFF NO MORE AFTER THE INCIDENT OF 7/10/05

. THIS LEGITIMATE REASON FOR THE DEFENDANT NOT TO ASSAULT PLAINTIFF NO MORE COMBINED WITH OTHER OFFICER'S RETALIATING AGAINST THE PLAINTIFF OF THEIR KNOWLEDGE THAT THE PLAINTIFF REPORTING OFFICER'S, WHICH DO NOT ENTITLES DEFENDANT TO SUMMARY JUDGMENT ON ANY OF MY CLAIMS.