IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

SHAWN ROBINSON,
    PLAINTIFF,
-VS-
WARDEN CHAMBERS,
OFFICER D. ATWOOD,
OFFICER CUNNINGHAM,
    DEFENDANTS,

NO. 05-2251

FILED
AUG -6 2007
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

BRIEF IN OPPOSITION TO THE
DEFENDANT'S SUMMARY JUDGMENT MOTION

THIS IS A 1983 ACTION FILED BY THE PLAINTIFF SEEKING COMPENSATORY AND PUNITIVE DAMAGE FOR RETALIATION AND USE OF FORCE, THE DEFENDANT HAS FILED A MOTION FOR SUMMARY JUDGMENT ARGUING THAT THEY LACKS REQUISITE PERSONAL KNOWLEDGE AN INVOLVEMENT FOR LIABILITY UNDER 1983.

@. THE PLAINTIFF'S DECLARATION SUBMITTED IN RESPONSE TO THE DEFENDANT'S MOTION STATES THE FOLLOWING.

1. DEFENDANT ARGUMENTS THAT HE DID NOT KNOW HIS ACTIONS USING ONE HAND TO PUSH THE PLAINTIFF INTO POSITION FOR A PAT-DOWN SEARCH, WOULD VIOLATE THE PLAINTIFF CONSTITUTIONAL RIGHTS, BUT ACCORDING TO THE ADMINISTRATIVE DIRECTIVE, DEFENDANT NEW OF THE LAW'S, THAT EVERY EMPLOYEES WILL COMPLY WITH AND BE RESPONSIBLE FOR ENFORCING ALL INSTITUTIONAL AND DEPARTMENTAL RULES, REGULATIONS, AND DIRECTIVES, EMPLOYEES WILL NEITHER ACT NOR FAIL TO ACT IN ANY MANNER WHICH WOULD CONSTITUTE A VIOLATION OF ANY DEPARTMENTAL OR INSTITUTIONAL RULE, REGULATION OR DIRECTIVE.

2. DEFENDANT ALLEGES HE DON'T KNOW THE LAW'S, WHEN IT'S APART OF HIS DIRECTIVE THAT EACH EMPLOYEE TO MAINTAIN, AND EMPLOYEES

1

SHALL OBEY ALL FEDERAL, STATE, AND LOCAL LAWS, AND COURT DECISIONS AND ORDERS RELATED TO THE PERFORMANCE OF THEIR JOB DUTIES, DEFENDANT KNOW HE ARE PROHIBITED FROM USING UNNECESSARY OR EXCESSIVE FORCE, BY PUSHING PLAINTIFF INTO A GLASS NO MATTER IF IT WAS ONE HAND OR TWO. EMPLOYEES MAY USE ONLY THE NECESSARY MINIMUM FORCE TO PROTECT HIMSELF OR HERSELF FROM INJURY OR INJURY TO ANOTHER PERSON AN PREVENT DAMAGE.

   3. DEFENDANT ADMITS IN HIS AFFIDAVIT THAT PLAINTIFF COMITTED NO WRONG DOING SO IT WAS UNNECESSARY TO PUSH PLAINTIFF EVEN WITH THE MINIMUM FORCE FOR A SHAKE DOWN, WHILE PLAINTIFF DID COMPLAINE AT THE TIME DEFENDANT PUSHED HIM, AND ASKED OFFICER THOMPSON TO CALL THE HEALTH CARE UNIT, BUT HEALTH CARE PERSONNEL WOULD NOT LET PLAINTIFF BE SEEN THAT NIGHT.

   4. DEFENDANT USE OFFICER THOMPSON AN OFFICER HUNT AS WITNESSES TO THE INCIDENT ON 7/10/05, WHEN ASKED BY SERGEANT THOMPSON TO EXPLAIN WHAT HAD HAPPENED, OFFICER HUNT TOLD SERGEANT THOMPSON THAT DEFENDANT HAD TWO FINGERS ON THE PLAINTIFF BACK, BUT DEFENDANT ALLEGES HE HAD ONE HAND ON PLAINTIFF SHOULDER, BUT OFFICER THOMPSON WHO ALSO WERE THERE, NEVER STATED IN HIS INCIDENT REPORT WHICH OR WEAR DEFENDANT HAD HIS HAND DOING OR BEFOR THE PAT DOWN OF THE PLAINTIFF.

   5. FOLLOWING THE INCIDENT DEFENDANT NOR HIS CO-WORKER HAD PERMISSION TO SHAKE DOWN PLAINTIFF ANY MORE, ONCE PLAINTIFF REPORTED WHAT HAD HAPPEN, THAT THE DEFENDANT DID NOT FOLLOW PROTOCOL PROCEDURE FOR A PAT DOWN AND DEFENDANT INCIDENT REPORT IS DIFFERENT FROM THE ONES HIS WITNESS GAVE TO SERGEANT THOMPSON AN LIEUTENANT BROWN.

   6. THE ADMINISTRATIVE REVIEW BOARD FOR INMATES ~~REVIEWED~~ ISSUES REVIEWED PLAINTIFF GRIEVANCE, BUT NEVER INVESTIGATED ANY ALLEGATION REGARDING THE MISCONDUCT OF THEESE OFFICERS EVEN AFTER THEY HAD REVIEWED SEVERAL INCIDENT REPORT ABOUT THE MISCONDUCT AGAINST THE PLAINTIFF, ACCORDING TO PLAINTIFF GRIEVANCE THAT WAS FILED OF THE ALLEGED DISCIPLINARY TICKET FROM 7/10/05 THEIR WAS NO ISSUE ANSWER ABOUT WHAT THE PLAINTIFF DID WRONG.

2.

7. THEY FURTHER CLAIM PLAINTIFF WAS NOT RETALIATED AGAINST BY THE ADMINISTRATION AT DANVILL, THEY STATED THAT TRANSFERS ARE AN A ADMINISTRATIVE DECISION, BUT ACCORDING TO THEIR FILES AND DESCRIBE IN THE COUNSELING SUMMARY THAT PLAINTIFF WAS TRANSFER BY THE ADMINISTRATION DUE TO STATEMENTS PLAINTIFF MADE TO STAFF, AND THAT STATEMENT WAS TO INTERNAL AFFAIRS ABOUT STAFF MISCONDUCT.

8. PLAINTIFF WAS RETALIATED AGAINST BY THE ADMINISTRATION AND DEFENDANT WHEN HE REPORTED OTHER STAFF ABOUT THERE CONDUCT TOWARD HIM, THE ADMINISTRATION MADE A DECISION TO TRANSFER PLAINTIFF ON 7/18/05 BECAUSE OF THE STATEMENT HE MADE TO STAFF, AN ON 8/9/05 PLAINTIFF WAS APPROVED FOR DISCIPLINARY TRANSFER TO B.MRCC JUST TO COVER UP THE INCIDENT REPORT OF 7/10/05.

9. THE ISSUE IS NOT WHETHER A CLAIMANT WILL ULTIMATELY PREVAIL BUT WHETHER A CLAIMANT IS ENTITLED TO OFFER EVIDENCE TO SUPPORT HIS CLAIMS. SCHEUER V. RHODES, 416 US 232 (1972). WHEN CONSIDERING A DEFENDANT'S MOTION TO DISMISS, THE COURT MUST VIEW THE COMPLAINT'S ALLEGATIONS IN A LIGHT MOST FAVORABLE TO THE PLAINTIFF. SCHEUER V. RHODES, 416 US 232 (1972). THE PLAINTIFF IS ENTITLED TO ANY AND ALL REASONABLE INFERENCES THAT CAN BE DRAWN THERE FROM HIS COMPLAINT, ALLEGATIONS, AND PLEADINGS. ELLSWORTH V. RACINE, 744 F.2d 182, 184 (7TH CIR. 1985). IN ADDITION A COURT MUST CONSTRUE PRO-SE, PLEADINGS LIBERALLY AND MERE VAGUENESS OR LACK OF DETAIL DOES NOT CONSTITUTE SUFFICIENT GROUNDS FOR A MOTION TO DISMISS. STRAUSS V. CITY OF CHICAGO, 166 F.2d 765, 767 (7TH CIR. 1988). ALSO SEE: CAIN V. LANE, 857 F.2d 1139, 1142 (7TH CIR. 1988) PRO SE COMPLAINTS MUST BE READ LIBERALLY).

## ARGUMENT

THERE ARE GENUINE ISSUES OF MATERIAL FACT THAT PRECLUDE SUMMARY JUDGMENT FOR THE DEFENDANTS, SUMMARY JUDGMENT IS TO BE GRANTED ONLY IF THE RECORD BEFORE THE COURT SHOW'S THAT THERE IS NO GENUINE ISSUE AS TO ANY MATERIAL FACT AND THAT THE PARTY IS ENTITLED TO A JUDGMENT AS A MATTER OF LAW" (RULE 56 (C) FED. R. CIV. P) A "MATERIAL" FACT IS ONE THAT MIGHT AFFECT THE OUT COME AT TRIAL.