IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| SHAWN ROBINSON, #B33802, | ) | |
| Plaintiff, | ) ) ) | |
| -vs- | ) ) | No. 05-2251 |
| WARDEN CHAMBERS, OFFICER D. ATWOOD, OFFICER CUNNINGHAM, | ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO**
**DEFENDANT CUNNINGHAM'S MOTION FOR SUMMARY JUDGMENT**

NOW COMES the Defendant, CHRIS CUNNINGHAM, by and through his attorney, Lisa Madigan, Attorney General for the State of Illinois, and in reply to Plaintiff's Response to Defendant Cunningham's Motion for Summary Judgment [court documents 32, 33, and 34], submits the following:

**Plaintiff's "Disputed Facts":**

Plaintiff's "Statement of Disputed Facts are not numbered; however, they are delineated by bullet points and will be addressed in order.

**Statements one and two:**

Plaintiff argues that Defendant Cunningham's statement in his affidavit about placing one hand on plaintiff's shoulder during the shakedown differs from his incident report and statement to Sergeant Thompson, in which the defendant allegedly used two fingers against Plaintiff's shoulder instead of his hand.

**Response:** Defendant Cunningham's incident report does not mention that he placed his hand on Plaintiff's shoulder or back; however, the report states he shook down

1

Plaintiff, and that Plaintiff complied. These statements are consistent with Defendant Cunningham's Affidavit (see Defendant's Undisputed Facts No. 8). Additionally, the statements to Sgt. Thompson Plaintiff attributes to Defendant Cunningham were, in fact, made by C/O Hunt in his incident report, who was a witness to the incident (see attached). Defendant Cunningham is not disputing Plaintiff's allegation that the defendant placed at least one hand on Plaintiff during the shake down. Therefore, any minor dispute among witnesses about the number of fingers or placement of Defendant Cunningham's hand is immaterial to the determination of whether any unconstitutional force was used.

**Statement three:**

Plaintiff states that there is dispute whether Plaintiff ever complied with the order to turn and place his hands on the glass. He also states it is undisputed that he tried to keep his balance when he was "pushed" against the glass. Additionally, Plaintiff now asserts that he was in the "proper" position for a shakedown, which does not include leaning against the glass.

**Response:** Though Defendant Cunningham asserts Plaintiff was compliant with the search (see Defendant's Facts No. 8), non-compliance with the order is not disputed for purposes of Defendant Cunningham's Motion for Summary Judgment. Plaintiff admitted, both in his instant response and in his deposition, he did not comply with the first order to lean against the glass (see Defendant's Facts Nos. 4 & 5) and states in the instant response that he was not given time to comply with the second. Defendant Cunningham based his summary judgment motion on the fact that any force necessary to push Plaintiff against a glass wall from 1½ feet away and the alleged injury caused by Plaintiff trying to keep his balance, could only be de minimus. Therefore, because Plaintiff admits he was ordered against the glass and refused to comply, the question of whether or not leaning

2

against the glass is the proper position for a shakedown is immaterial and does not defeat Defendant Cunningham's Motion for Summary Judgment.

### Statement four:

Plaintiff's assertions in fact four are substantially the same as in facts one and two and were previously addressed.

### Statement five:

Plaintiff asserts the statements of the witnesses differ from each other and from the statements of Defendant Cunningham who admits in his incident report that Plaintiff told him to stop pushing him.

**Response:** Because Defendant does not dispute, for purposes of his motion for summary judgment, that placing his hand on Plaintiff's shoulder to effectuate the search could constitute force, the fact that the witness' statements do not include Plaintiff's self-serving statement that he's being pushed are immaterial and do not defeat Defendant Cunningham's motion for summary judgment.

### Statement six:

Plaintiff asserts Defendant Cunningham's statement that Plaintiff complied with the order creates a material issue of fact as to whether force was used at all or whether there was any need for force to be used in a good faith effort to maintain or restore discipline.

**Response:** Again, Defendant Cunningham's Motion for Summary Judgment assumes as true, for purposes of the motion only, that some force was used against the plaintiff. However, it asserts that any force used could only have been de minimus, and therefore not unconstitutional. Accordingly, this "fact" does not defeat Defendant Cunningham's Motion for Summary Judgment.

3

**Statement seven:**

Plaintiff asserts that Defendant Cunningham wrote a ticket for insolence only after Sgt. Thompson was informed of the alleged incident, nor did Defendant Cunningham make any mention of the ticket when Plaintiff was accompanied to the cell house by Sgt. Thompson.

**Response:** This fact is immaterial to the issue of whether any force used against Plaintiff was unconstitutional. Additionally, it is immaterial to the issue of whether the force was used in retaliation for Plaintiff complaining about another officer. This "fact" therefore, does not defeat Defendant Cunningham's Motion for Summary Judgment.

**Statement eight:**

In this "fact" Plaintiff appears to be arguing the validity of his ticket.

**Response:** Whether his ticket was warranted or not is immaterial to the determination of whether Defendant Cunningham used unconstitutional force on Plaintiff or whether that force was in retaliation for his complaints about another officer.

**Statement nine:**

Plaintiff asserts that the force used by Defendant Cunningham came after his complaints about another officer and that Defendant Cunningham and the other officer were often seen together. Plaintiff uses this "fact" in an attempt to create dispute over whether Defendant Cunningham's actions were in retaliation for Plaintiff's complaint about Atwood.

**Response:** These allegations do not create disputed material fact, when Plaintiff's sworn deposition testimony is that he does not know whether Defendant Cunningham ever knew about the complaint against Atwood (See Defendant's Undisputed Facts No. 21).

**Statement ten:**

This "fact" is a continuation of fact nine, in that it assumes officers talk about complaints and that it would be hard for Defendant Cunningham not to have known about the complaint.

**Response:** Again, this supposition does not create a disputed material fact when combined with Plaintiff's admission he has no knowledge, either direct or indirect, that Defendant Cunningham knew of his reports about the other officer.

**Statement eleven:**

Plaintiff admits he did not go to the Health Care Unit until two days after the alleged injury because he "did not know his finger was dislocated" from the defendant's actions. He also asserts that Defendant's admission that he asked Plaintiff if he had anything non-work related causes there to be no reason for a search.

**Response:** Rather than create an issue of material fact, Plaintiff's admission that he did not know his finger was dislocated, and would not know he had such an injury unless it had been diagnosed by the Health Care Unit, strains all credibility. No reasonable jury could find that sort of injury would not be apparent. Moreover, because plaintiff admitted he was told to lean against the glass and he admitted he refused to do so (Defendant's Undisputed Facts Nos. 4 and 5), it is immaterial whether the search was warranted or if Plaintiff could be trusted to tell the truth when asked about contraband.

**Statement twelve:**

This "fact" builds on the previous alleged fact, and asserts that because there was no legitimate penalogical reason for the search, the only cause for the search and the subsequent force was retaliatory.

**Response:** Plaintiff's sworn admission that he was ordered to assume a position against the glass wall and that he did not assume that position, combined with his admission that he had previously brought non work-related items to his job, defeats his mere supposition that the reason for the search could only have been retaliatory. Moreover, whether or not the search was warranted is not at issue in this case. The issue is whether unconstitutional force was used and whether that force was in retaliation for Plaintiff's protected speech.

**Statement thirteen:**

This is not a fact, but an argument that because there was no legitimate reason for an "assault" combined with other officers retaliating against Plaintiff for his protected speech, Defendant Cunningham is not entitled to summary judgment.

**Response:** Plaintiff's sworn testimony is that he was pushed with an unknown number of hands approximately 1½ feet into a glass wall in order to cause him to comply with an order (see Defendant's Undisputed Facts Nos. 4, 5, 6, 9 and 10 ). This testimony defeats any argument that any force used was not to ensure compliance with an order. Additionally, whether other officers retaliated against plaintiff for his protected speech is immaterial to whether this defendant retaliated against plaintiff.

**Plaintiff's Memorandum of Law:**

Plaintiff's arguments in his memorandum of law are substantially the same as in his statement of disputed facts, with the addition of an argument regarding Defendant Cunningham's qualified immunity defense. Plaintiff argues that Defendant Cunningham's qualified immunity argument is defeated by the fact that he would have known his actions violated departmental and institutional rules. Notwithstanding that Department of

Corrections' rules allow the use of force (see 20 Ill. Admin Code §501.10), liability under §1983 for violations of the Constitution are not dependent on whether an agency rule is violated. The relevant question is whether the Constitution was violated. See Shango v. Jurich, 681 F.2d 1091, 1100 (7th Cir. 1982).

## CONCLUSION

Plaintiff's "disputed facts" in his response are either non-disputed or immaterial to the issue of whether Defendant Cunningham used unconstitutional force against Plaintiff or whether that force was in retaliation for Plaintiff's protected speech. Moreover, Plaintiff's arguments in his memorandum of law, especially regarding the defense of qualified immunity, have no bearing on the asserted defense. Because Plaintiff cannot provide any new disputed material facts, this case is proper for summary judgment, and summary judgment should be entered for Defendant Cunningham.

Respectfully submitted,

CHRIS CUNNINGHAM,

Defendant,

LISA MADIGAN, Attorney General,
State of Illinois

By:  s/ Kelly R. Choate
Kelly R. Choate, #6269533
Assistant Attorney General
Attorney for Defendant
500 South Second Street
Springfield, Illinois  62706
Telephone:  (217) 782-9026
Facsimile:   (217) 524-5091
E-Mail:  kchoate@atg.state.il.us

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| SHAWN ROBINSON, #B33802, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No. 05-2251 |
| | ) | |
| WARDEN CHAMBERS, | ) | |
| OFFICER D. ATWOOD, | ) | |
| OFFICER CUNNINGHAM, | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on August 13, 2007, I electronically filed Defendant's Reply to Plaintiff's Response to Defendant Cunningham's Motion for Summary Judgment with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to the following:

None

and I hereby certify that on August 13, 2007, I mailed by United States Postal Service, the document(s) to the following non-registered participant(s):

Shawn Robinson, #B33802
Big Muddy Correctional Center
251 North Illinois Highway 37
Post Office Box 900
Ina, Illinois  62846-1000

Respectfully Submitted,
 s/ Kelly R. Choate
Kelly R. Choate, #6269533
Assistant Attorney General
Attorney for Defendant
500 South Second Street
Springfield, Illinois  62706
Telephone:  (217) 782-9026
Facsimile:   (217) 524-5091
E-Mail:  kchoate@atg.state.il.us

STATE OF ILLINOIS — DEPARTMENT OF CORRECTIONS
ADULT AND JUVENILE DIVISIONS
## INCIDENT REPORT

Institution/Program: **Danville**       Date and Time of Incident: **7-10-05 approx 10:00**

If answer is yes to any of the following questions, explain in narrative below.

- A. Was a Weapon Involved: YES ☐ NO ☒
- B. Were Restraints/Force Used: YES ☐ NO ☒
- C. Was Property Damaged: YES ☐ NO ☒
- D. Have Apprehension Unit and/or Law Enforcement Agencies Been Notified: YES ☐ NO ☒
- E. Were Arrests Made: YES ☐ NO ☒
- F. Any Injuries/Hospitalization: YES ☐ NO ☒
- G. Were there Medical Inquiries: YES ☐ NO ☒

**Inmate/Staff Involved:**

| Name | I.D.# | Offense | Commitment Date |
|---|---|---|---|
| Robinson | B 33802 | | |
| C/O Hunt | 13354 | | |
| C/O Cunningham | 9449 | | |

**Witnesses to Incident:**

| Name | I.D.# |
|---|---|

**Statement of Facts (NARRATIVE):** On the above date and approx. time C/O Hunt told this Rlsgt that when Inmate Robinson B33802 (1-C-28) entered R-4 Hub on a shower crew detail, C/O Cunningham ask Robinson if he had any thing on him. Robinson stated no. Robinson asked Cunningham do you want to shake me down. Hunt told this Rlsgt that Cunningham ask Robinson to get up against the window and place your hands out. Hunt told this Rlsgt that C/O Cunningham placed 2 fingers gently on his back as he started to shake him down. Robinson ask for a Lt and then Robinson complied and no further incident happen and the shakedown was completed.

This Rlsgt talk to Robinson and he told this Rlsgt that when he entered the Housing Unit 4, C/O Cunningham ask him if he had any thing on him? Robinson said no and ask do you want to shake me down. Robinson said that C/O Cunningham ask ~~Robinson~~ him to get up against the window and placed your arms and hands out. Robinson stated to

Sgt Thompson 9659 approx
Reporting Employee    Date/Time 7-10-05 10:00       Person Calling in Report       Lt _____  Person Accepting Report    7/10/05 11:__ Date/Time

Administrative Assessment: _____

Chief Administrative Officer: _____  Date/Time: 7/11/05 6:00A

Distribution: Director
Deputy Director of Appropriate Division
Deputy Director of Bureau of Inspections and Audits    Legal Services (only if restraints/force used)
File

DC 434 (4/83)

STATE OF ILLINOIS — DEPARTMENT OF CORRECTIONS
ADULT AND JUVENILE DIVISIONS
INCIDENT REPORT

Institution/Program: Danville   Date and Time of Incident: 7-10-05 approx 10:00 AM

If the answer is yes to any of the following questions, explain in narrative below

A. Was a Weapon Involved: YES ☐ NO ☒   B. Were Restraints/Force Used: YES ☐ NO ☒   C. Was Property Damaged: YES ☐ NO ☒
D. Have Apprehension Unit and/or Law Enforcement Agencies Been Notified: YES ☐ NO ☒   E. Were Arrests Made: YES ☐ NO ☒
F. Any Injuries/Hospitalizations: YES ☐ NO ☒   G. Were there Media Inquiries: YES ☐ NO ☒

Inmates/Staff Involved:

| Name | I.D.# | Offense | Commitment Date |
|---|---|---|---|
| Robinson | B33502 | | |
| C/O Hunt | 13354 | | |
| C/O Cunningham | 9445 | | |

Witnesses to Incident:
Name    ID #

Statement of Facts (NARRATIVE): This Sgt. that C/O Cunningham shoved him against the window. Robinson told this Sgt. that he requested a Lt. and then Robinson complied with no further incident.

Lt. Brown requested that this Sgt bring C/O Cunningham to the Warden's office and have C/O Hunt and C/O Thompson do a DC 434.

Sgt Thompson  #657  approx 7-10-05 10 AM
Reporting Employee / Date/Time / Person Calling in Report

LAJZ   7/10/05 11:59
Person Accepting Report / Date/Time

Administrative Assessment:

Chief Administrative Officer: John [signature]   Date/Time: 7/11/05 6:00 AM

Distribution: Director
Deputy Director of Appropriate Division
Deputy Director of Bureau of Inspections and Audits
Legal Services (only if restraints/force used)
File

DC 434 (4/83)